[971 NYS2d 920]

In the Matter of THOMAS G. SMITH, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 27, 2013

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Emil M. Rossi*, Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Third Department on January 23, 1990. On October 16, 2012, he was convicted upon his plea of guilty in Lysander Town Court of sexual abuse in the second degree (Penal Law § 130.60 [2]), a class A misdemeanor, after admitting that he had engaged in sexual contact with a person who was less than 14 years old. On December 18, 2012, respondent was sentenced in Town Court to a six-year term of probation and was adjudicated a level one risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*).

By order entered February 27, 2013, this Court granted the motion of the Grievance Committee pursuant to 22 NYCRR 1022.20 (e) for an order suspending respondent on the ground that he had committed misconduct immediately threatening the public interest. In June 2013, the Grievance Committee filed a petition charging respondent with professional misconduct based upon the conduct underlying his conviction. Respondent filed an answer admitting the material allegations of the petition, and he appeared before this Court and submitted matters in mitigation.

We conclude that respondent has violated rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0), by engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer.

We have considered, in determining an appropriate sanction, the serious nature of the misconduct that gave rise to respondent's conviction. We have additionally considered the matters submitted by respondent in mitigation, including his unblemished record, the aberrational nature of the misconduct, and his expression of extreme remorse, which we find to be sincere. We have further considered that respondent has sought mental health treatment and counseling to address the issues that gave rise to his conviction.

Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for three years, effective February 27, 2013, *or until the termination of his term of probation, whichever period is longer*, and until further order of this Court.

SMITH, J.P., FAHEY, CARNI, SCONIERS and VALENTINO, JJ., concur.

Final order of suspension entered.